Exhibit B



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 1816-CV19343 |
|---|---|
| Plaintiff/Petitioner:<br>SARAH JONES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ALBERT F KUHL<br>LAW OFFICES OF ALBERT F. KUHL<br>15700 COLLEGE BLVD #200<br>LENEXA, KS  66219 |
| Defendant/Respondent:<br>SAINT LUKES MEDICAL GROUP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** SAINT LUKES MEDICAL GROUP
  **Alias:** SAINT LUKES PHYSICIAN GROUP INC
R/A CSC LAWYERS INCORP SVC CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101



*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____11-OCT-2018_____   _____
Date                                                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                           Date                                           Notary Public

**Sheriff's Fees**
Summons                                   $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $____10.00____
Mileage                                     $_____ (_____ miles @ $._____ per mile)
**Total**                                      $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only: Document Id #18-SMCC-10560*  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00901-NKL   Document 1-2   Filed 11/13/18   Page 2 of 9

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

SARAH JONES,

    Plaintiff,

vs.                                                Case No. _____
                                                Court No._____

SAINT LUKE'S MEDICAL GROUP,
a/k/a SAINT LUKE'S PHYSICIAN GROUP, INC.

    Defendant.

### **PETITION FOR DAMAGES**

    Plaintiff Sarah Jones ("Jones"), for her Petition against defendant Saint Luke's Medical Group a/k/a Saint Luke's Physician Group, Inc. ("Saint Luke's"), states and alleges as follows:

1. Plaintiff Jones is an individual and resident of Independence, Missouri.

2. Defendant Saint Luke's owns and operates medical facilities in Missouri and Kansas.

3. Jurisdiction and venue are properly placed inasmuch as all transactions relevant to this action arose in Jackson County, Missouri.

4. Subject matter jurisdiction is proper inasmuch as plaintiff has received a notice of right to sue from the Missouri Commission on Human Rights bearing a date of May 2, 2018.

Electronically Filed - Jackson - Independence - July 30, 2018 - 12:50 PM

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION R.S. MO. 213.055

5. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

6. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

7. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

8. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more disabling conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

9. Plaintiff Jones' disabling conditions were exacerbated by her workplace environment.

10. Plaintiff Jones informed her upper supervision, inclusive of Teresa Iseman and Heather Hoffman, of her disabling conditions, and requested reasonable accommodation for the same.

11. Ultimately, plaintiff Jones' disabling condition required her to take a protected Leave of Absence starting in early June of 2017, and to be placed on medication and attend appointments with one or more health care providers, all of which actions constituted lawfully protected requests for reasonable accommodation.

12. Despite plaintiff's proper expressions of her need for reasonable accommodation, defendant unlawfully denied reasonable accommodation to plaintiff Jones.

13. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of

her rights to be free of unlawful disability discrimination.

14. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful discrimination under Missouri law as found at R.S. Mo. 213.055.

15. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

16. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

17. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual, compensatory and punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

### COUNT II: RETALIATION IN VIOLATION OF R.S. MO. 213.070

18. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

19. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

20. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

21. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more disabling conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

22. Plaintiff Jones' disabling conditions were exacerbated by her workplace environment.

23. Plaintiff Jones informed her upper supervision, inclusive of Teresa Iseman and Heather Hoffman, of her disabling conditions, and requested reasonable accommodation for the same.

24. Ultimately, plaintiff Jones' disabling condition required her to take a protected Leave of Absence starting in early June of 2017, and to be placed on medication and attend appointments with one or more health care providers, all of which actions constituted lawfully protected requests for reasonable accommodation.

25. Despite plaintiff's proper expressions of her need for reasonable accommodation, defendant unlawfully denied reasonable accommodation to plaintiff Jones.

26. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of her rights to be free of unlawful retaliation due to her protected condition and/or need for reasonable accommodation concerning the same.

27. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful retaliation under Missouri law as found at R.S. Mo. 213.070.

28. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

29. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

30. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual, compensatory and punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

## COUNT III: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 et seq.

31. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

32. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

33. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

34. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more serious health conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

35. Plaintiff Jones further possessed a child who possessed a serious health condition, a fact she made known to her supervision and/or management within defendant's employ.

36. Ultimately, plaintiff Jones' serious health condition required her to take a protected

Leave of Absence starting in early June of 2017, and to attend appointments with one or more health care providers, all of which actions constituted lawfully protected activities pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq.

37. Further, plaintiff Jones submitted a protected Certification to defendant concerning her need for FMLA leave on behalf of her daughter in late June, 2017.

38. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of her rights to be free of unlawful retaliation due to her need for leave on her behalf and/or that of her daughter under the FMLA.

39. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful retaliation under the FMLA, 29 U.S.C. 2601 et seq.

40. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual financial damages in a total amount exceeding $75,000.00.

41. Plaintiff is further entitled to an award of liquidated damages in an amount exceeding $75,000 as against defendant.

42. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual and liquidated damages in an overall amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                        Respectfully Submitted,

                        LAW OFFICES OF ALBERT F. KUHL

                        /s/ Albert F. Kuhl_____

                        Albert F. Kuhl    MO no. 42504
                        15700 College Blvd., Suite 102
                        Lenexa, KS 66219
                        Tel.  913.438.2760
                        Fax: 913.327.8492
                        Email: Al@KCjoblawyer.com
                        ATTORNEY FOR PLAINTIFF