IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SARAH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00901 |
| ) | |
| SAINT LUKE'S MEDICAL GROUP, ) | |
| a/k/a SAINT LUKE'S PHYSICIAN ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

Defendant Saint Luke's Physician Group, Inc. ("SLPG") f/k/a Saint Luke's Medical Group provides the following Answer to Plaintiff's Petition for Damages.[1]

1. Plaintiff Jones is an individual and resident of Independence, Missouri.

**ANSWER: Admitted upon belief and information for purposes of this Answer only.**

2. Defendant Saint Luke's owns and operates medical facilities in Missouri and Kansas.

**ANSWER: Denied. Further answering, SLPG states it is a subsidiary of Saint Luke's Health System, Inc. SLPG operates physician practices in the Kansas City metropolitan area and the surrounding region.**

3. Jurisdiction and venue are properly placed inasmuch as all transactions relevant to this action arose in Jackson County, Missouri.

**ANSWER: Admitted the United States District Court for the Western District of Missouri has subject matter jurisdiction over Plaintiff's claims.**

---

[1] SLPG repeats Plaintiff's allegations and then provides its ANSWER in bold.

4. Subject matter jurisdiction is proper inasmuch as plaintiff has received a notice of right to sue from the Missouri Commission on Human Rights bearing a date of May 2, 2018.

**ANSWER: Denied for lack of information/knowledge.**

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION
## R.S. MO. 213.055

5. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

**ANSWER: SLPG incorporates by reference its ANSWERS to paragraphs 1-4 as if fully restated here.**

6. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

**ANSWER: Admitted Plaintiff worked as a Medical Assistant for SLPG, which terminated her employment in June 2017. Denied as to all remaining allegations.**

7. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

**ANSWER: Denied.**

8. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more disabling conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

**ANSWER: Denied for lack of information/knowledge.**

9. Plaintiff Jones' disabling conditions were exacerbated by her workplace environment.

**ANSWER: Denied for lack of information/knowledge.**

10. Plaintiff Jones informed her upper supervision, inclusive of Teresa Iseman and Heather Hoffman, of her disabling conditions, and requested reasonable accommodation for the same.

**ANSWER: Denied.**

11. Ultimately, plaintiff Jones' disabling condition required her to take a protected Leave of Absence starting in early June of 2017, and to be placed on medication and attend appointments with one or more health care providers, all of which actions constituted lawfully protected requests for reasonable accommodation.

**ANSWER: Denied Plaintiff requested or took a protected leave of absence in June 2017. Further answering, denied for lack of information/knowledge as to anything Plaintiff or Plaintiff's alleged conditions "required." Denied as to all remaining allegations.**

12. Despite plaintiff's proper expressions of her need for reasonable accommodation, defendant unlawfully denied reasonable accommodation to plaintiff Jones.

**ANSWER: Denied.**

13. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of her rights to be free of unlawful disability discrimination.

**ANSWER: Denied.**

14. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful discrimination under Missouri law as found at R.S. Mo. 213.055.

**ANSWER: Denied.**

15. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

**ANSWER: Denied.**

16. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

**ANSWER: Denied.**

17. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

**ANSWER: Denied.**

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual, compensatory and punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

**ANSWER: Denied Plaintiff is entitled to any of the relief requested.**

### COUNT II: RETALIATION IN VIOLATION OF R.S. MO. 213.070

18. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

**ANSWER:** SLPG incorporates by reference its ANSWERS to paragraphs 1-17 as if fully restated here.

19. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

**ANSWER: Admitted Plaintiff worked as a Medical Assistant for SLPG, which terminated her employment in June 2017. Denied as to all remaining allegations.**

20. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

**ANSWER: Denied.**

21. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more disabling conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

**ANSWER: Denied for lack of information/knowledge.**

22. Plaintiff Jones' disabling conditions were exacerbated by her workplace environment.

**ANSWER: Denied for lack of information/knowledge.**

23. Plaintiff Jones informed her upper supervision, inclusive of Teresa Iseman and Heather Hoffman, of her disabling conditions, and requested reasonable accommodation for the same.

**ANSWER: Denied.**

24. Ultimately, plaintiff Jones' disabling condition required her to take a protected Leave of Absence starting in early June of 2017, and to be placed on

FIRMWIDE:160061692.1 091059.1036　　5
Case 4:18-cv-00901-NKL   Document 3   Filed 11/13/18   Page 5 of 13

medication and attend appointments with one or more health care providers, all of which actions constituted lawfully protected requests for reasonable accommodation.

**ANSWER: Denied Plaintiff requested or took a protected leave of absence in June 2017. Further answering, denied for lack of information/knowledge as to anything else Plaintiff or Plaintiff's alleged conditions "required." Denied as to all remaining allegations.**

25. Despite plaintiff's proper expressions of her need for reasonable accommodation, defendant unlawfully denied reasonable accommodation to plaintiff Jones.

**ANSWER: Denied.**

26. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of her rights to be free of unlawful retaliation due to her protected condition and/or need for reasonable accommodation concerning the same.

**ANSWER: Denied.**

27. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful retaliation under Missouri law as found at R.S. Mo. 213.070.

**ANSWER: Denied.**

28. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

**ANSWER: Denied.**

29. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

**ANSWER: Denied.**

30. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

**ANSWER: Denied.**

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual, compensatory and punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

**ANSWER: Denied Plaintiff is entitled to any of the relief requested.**

## COUNT III: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. 2601 et seq.

31. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

**ANSWER: SLPG incorporates by reference its ANSWERS to paragraphs 1-30 as if fully restated here.**

32. Plaintiff served defendant Saint Luke's as a Medical Assistant in a highly appropriate and productive manner for over a year, until her involuntary termination from employment with Saint Luke's in June, 2017.

**ANSWER: Admitted Plaintiff worked as a Medical Assistant for SLPG, which terminated her employment in June 2017. Denied as to all remaining allegations.**

33. Plaintiff Jones successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant Saint Luke's.

**ANSWER:** Denied.

34. During the course of her employment with defendant Saint Luke's, plaintiff Jones possessed one or more serious health conditions, including a Stress/Anxiety condition which substantially impaired one or more of her major life activities.

**ANSWER:** Denied for lack of information/knowledge.

35. Plaintiff Jones further possessed a child who possessed a serious health condition, a fact she made known to her supervision and/or management within defendant's employ.

**ANSWER: SLPG states Plaintiff informed Ms. Iseman she had a child with asthma. Denied as to all remaining allegations.**

36. Ultimately, plaintiff Jones' serious health condition required her to take a protected Leave of Absence starting in early June of 2017, and to attend appointments with one or more health care providers, all of which actions constituted lawfully protected activities pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq.

**ANSWER: Denied Plaintiff requested or took a protected leave of absence in June 2017. Further answering, denied for lack of information/knowledge as to anything else Plaintiff or Plaintiff's alleged conditions "required." Denied as to all remaining allegations.**

37. Further, plaintiff Jones submitted a protected Certification to defendant concerning her need for FMLA leave on behalf of her daughter in late June, 2017.

**ANSWER:** SLPG states Plaintiff applied for a leave of absence through Liberty Mutual, but the leave was denied due to Plaintiff's failure to submit the required documentation. Denied as to all remaining allegations.

38. Upon her return from protected Leave of Absence, plaintiff's supervisors stripped her of her prior job title and responsibilities, and ultimately terminated plaintiff in violation of her rights to be free of unlawful retaliation due to her need for leave on her behalf and/or that of her daughter under the FMLA.

**ANSWER:** Denied.

39. The actions of defendant as set forth above were unlawful violations of plaintiff's rights to be free of unlawful retaliation under the FMLA, 29 U.S.C. 2601 et seq.

**ANSWER:** Denied.

40. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Jones has incurred actual financial damages in a total amount exceeding $75,000.00.

**ANSWER:** Denied.

41. Plaintiff is further entitled to an award of liquidated damages in an amount exceeding $75,000 as against defendant.

**ANSWER:** Denied.

42. Plaintiff further is entitled to an award of prejudgment interest, together with her attorneys fees and expenses, arising from defendant's unlawful actions.

**ANSWER:** Denied.

WHEREFORE, plaintiff Jones prays for the Court's order against defendant Saint Luke's granting her judgment as and for her actual and liquidated damages in an overall amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

**ANSWER:** Denied Plaintiff is entitled to any of the relief requested.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

**ANSWER:** Admitted Plaintiff seeks a jury trial on the claims pleaded.

## AFFIRMATIVE AND OTHER DEFENSES

SLPG incorporates herein by reference its ANSWERS to Plaintiff's allegations as set forth in its Answer to Plaintiff's Petition for Damages to support its affirmative and other defenses. In addition, SLPG sets forth the following affirmative and other defenses.

1. Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted against SLPG as, among other things, Plaintiff has failed to set forth (and cannot set forth) sufficient facts that her alleged disability was a motivating factor in the employment action(s) at issue in her Petition, which allegation(s) SLPG specifically denies.

2. Plaintiff's Petition contains no facts to support the allegations that SLPG discriminated against Plaintiff on account of her alleged disability and/or any protected activity. Thus, Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted against SLPG.

3. Plaintiff's Petition fails to state a prima facie case of retaliation.

4. Plaintiff failed in whole or in part to exhaust administrative remedies pursuant to the Missouri Human Rights Act and/or Title VII.

5. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, by the applicable regulatory limitations period, or by the doctrine of laches.

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver, estoppel, and/or unclean hands.

7. The acts of which Plaintiff complains either did not occur or did not occur as Plaintiff alleged.

8. All actions taken by SLPG with respect to Plaintiff's employment were non-discriminatory, non-retaliatory, and at all times were taken for good cause, in the good faith exercise of SLPG's reasonable business judgment, were motivated by SLPG's assessment of its own reasonable business interests and for valid business purposes, and were based on legitimate factors other than Plaintiff's alleged disability and/or engagement in any protected activity.

9. SLPG made good-faith efforts to comply with the laws that prohibit certain conduct in the workplace by providing training on such prohibited conduct.

10. SLPG would have made the same employment decision with respect to Plaintiff absent any unlawful or impermissible considerations, the existence of such unlawful or impermissible considerations SLPG specifically denies.

11. SLPG established a reasonable accessible procedure by which alleged victims of discrimination, retaliation, and/or harassment could make their complaints known to appropriate officials who were in a position to act on complaints, and Plaintiff failed to use such procedures.

12. Plaintiff cannot establish a claim of discrimination and/or hostile work environment because her alleged disability did not contribute to any adverse employment action she experienced.

13. This Court lacks subject matter jurisdiction over Plaintiff's claims to the extent Plaintiff's Petition and the allegations contained therein exceed the scope of the Plaintiff's Charge of Discrimination.

14. SLPG denies any employee or agent acting within the course or scope of their employment relationship caused harm, injury, or damage to Plaintiff.

15. Any harm to Plaintiff, the existence of which SLPG specifically denies, was not proximately caused by SLPG and/or was caused by Plaintiff and/or third parties over whom Plaintiff's former employer had no control or who were acting outside the course and scope of their employment. Consequently, SLPG is not liable for the alleged conduct.

16. SLPG did not act with malice, evil motive, or reckless indifference to Plaintiff's statutory rights at any time.

17. SLPG is an equal opportunity employer that does not discriminate against or harass employees on the basis of disability or any other protected status or activity.

18. Plaintiff has failed to mitigate her damages, the existence of which damages SLPG specifically denies.

19. For any damages for which SLPG is found liable, the existence of which damages and liability SLPG specifically denies, SLPG is entitled to a setoff or a credit for any amounts Plaintiff earned or received or could have earned or received through reasonable efforts on her part.

20. Plaintiff is not entitled to recover punitive, liquidated and/or exemplary damages, the existence of which damages SLPG specifically denies, as Plaintiff has not set forth and cannot set forth sufficient acts to support a claim for punitive, liquidated and/or exemplary damages.

21. To the extent Plaintiff seeks punitive damages, her claims are barred, in whole or part, because an award of punitive damages would: (1) constitute an impermissible burden on interstate commerce, violating the Commerce Clause of Article I, section 9 of the United States Constitution; and (2) violate SLPG's rights under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and analogous provisions of the Missouri Constitution.

22. Plaintiff cannot recover punitive damages because SLPG made good faith efforts to comply with its non-discrimination, anti-harassment, and non-retaliation obligations and because the individuals alleged to have discriminated against, retaliated against, and/or harassed Plaintiff did not have sufficient authority to expose SLPG to punitive damages.

23. Any alleged harm Plaintiff suffered, the existence of which harm SLPG specifically denies, was not reasonably foreseeable.

24. SLPG is not liable for any alleged discrimination or harassment, the existence of which SLPG specifically denies, because SLPG had reasonable measures in place to prevent and/or to correct such discrimination and/or harassment, and Plaintiff unreasonably failed to avail herself of such measures.

25. SLPG is currently without knowledge/information sufficient to set forth all relevant facts in support of their affirmative defenses and/or to form a belief as to whether it may have additional, as yet unstated, defenses available.

26. SLPG gives notice that it intends to rely upon such other defenses that may arise as discovery proceeds. SLPG hereby reserves the right to amend its Answer to assert any such defense(s).

WHEREFORE, having fully Answered, SLPG respectfully requests that the Court dismiss Plaintiff's Petition for Damages and order such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Alyssa M. Sediqzad*
Jeffrey D. Hanslick, #46693
Alyssa M. Sediqzad, #70506
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jhanslick@littler.com
asediqzad@littler.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further certify that I have mailed by U.S. Mail, first-class postage prepaid, the document to the following counsel of record:

Albert F. Kuhl
LAW OFFICES OF ALBERT F. KUHL
15700 College Boulevard, Suite 102
Lenexa, KS 66219
Al@KCjoblawyer.com

ATTORNEY FOR PLAINTIFF

/s/ Alyssa M. Sediqzad
Attorney for Defendant